670 F.2d 796
 FIRST NATIONAL BANK OF BAUDETTE, Appellant,
v.
SAVINGS AND LOAN ASSOCIATION OF BEMIDJI, Federal Home Loan
Bank Board, and Jay Janis, John H. Dalton, Andrew
A. Di Prete, John Doe, and Mary Roe, as
Members of Said Board, Appellees.
 No. 81-1932.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 10, 1982.
Decided Feb. 16, 1982.
 
 Winthrop, Weinstine & Sexton, Richard A. Hoel, Steven C. Tourek, argued, Wendy Willson Legge, St. Paul, Minn., for appellant.
 Thomas P. Vartanian, Gen. Counsel, Harvey Simon, Associate Gen. Counsel, Ralph W. Christy, Senior Associate Gen. Counsel, Paul T. Benshoof, Bemidji, Minn., Jonathon K. Heffron, Trial Atty., argued, Federal Home Loan Bank Bd., Litigation Div., Washington, D. C., for Governmental appellees.
 Before HEANEY and ARNOLD, Circuit Judges, and OVERTON,* District Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 The Federal Home Loan Bank Board, one of the prevailing defendants below, adopted a resolution on January 16, 1981, authorizing First Federal Savings and Loan Association of Bemidji, Minnesota, to place a branch office in Baudette, Lake of the Woods County, Minnesota. This action was taken after a visit of an agent of the Board to the area of the proposed branch and after affording oral argument to First National Bank of Baudette, which had filed a protest against the branch application. First National then brought this suit, asking that the Board's action be set aside as arbitrary and capricious. On August 10, 1981, the District Court[1] granted summary judgment for defendants, holding that the Board's action was based on adequate evidence in the record and was not irrational. We affirm.
 
 
 2
 The scope of judicial review in matters of this kind is narrow, even more circumscribed than in many cases of review of agency action. The courts may set aside the Board's order only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As we said in Madison County Bldg. & Loan Ass'n v. Federal Home Loan Bank Board, 622 F.2d 393, 397 (8th Cir. 1980),
 
 
 3
 Congress apparently intended to give the FHLBB wide discretion to apply its expertise in this difficult area, and believed the exercise of that discretion should be subject to the very limited review of § 706(2)(A).
 
 
 4
 The Board need not even make formal findings of fact, although here it has favored us with a summary statement of supporting findings.
 
 
 5
 We agree with the District Court that First National failed to sustain the heavy burden precedent has placed upon it in this type of case. The bank presents a vigorous and detailed argument, all of which we have considered. Had we been sitting as members of the Federal Home Loan Bank Board, we might well have agreed with the bank that there is no "necessity" for a new financial institution in Lake of the Woods County, and that there is no "reasonable probability of success" for the new branch. 12 C.F.R. § 545.14(c)(2) (1980). The area hardly seems affluent. But we cannot say that the Board acted irrationally. The nearest savings and loan is now 56 miles from Baudette; the protestant bank is the only financial institution in the county as matters now stand; and First National's savings deposits increased by about $1.5 million in 1979 and $710 thousand during the first three months of 1980.[2]
 
 
 6
 First National also argues that an error of law was committed, in that the Board failed to make a finding as to whether the establishment of the new branch would unduly injure the existing bank. Under 12 C.F.R. § 545.14(c)(3), a branch applicant must show that "the branch can be established without undue injury to properly conducted existing local thrift and home-financing institutions ...." In dealing with this criterion, the Board observed simply that there are no thrift and home-financing institutions currently in Lake of the Woods County. It thus construed its regulation to be concerned only with possible injury to other savings and loan associations, not with the competitive impact on commercial banks like First National. This was a permissible construction of the regulation, see, e.g., Union Nat'l Bank of Clarksburg v. Federal Home Loan Bank Board, 233 F.2d 695, 696-97 (D.C.Cir.1956), and we customarily defer to an agency's interpretation of its own regulations. Although the Depository Institutions Deregulation and Monetary Control Act of 1980, P.L. 96-221, 94 Stat. 132, has eliminated some of the distinctions between commercial banks and thrift institutions, it has not obliterated them altogether. Savings and loans, unlike commercial banks, still have as their primary business focus the making of longterm loans for the purchase or construction of homes.
 
 
 7
 We have considered plaintiff's other arguments and conclude that they have no merit. The judgment of the District Court is
 
 
 8
 Affirmed.
 
 
 
 *
 The Hon. William R. Overton, United States District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [1]
 The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 Cf. Madison County Bldg. & Loan Ass'n v. Federal Home Loan Bank Board, supra, 622 F.2d at 398 (Ross, J., concurring) (although the Board's action "was unbelievably irresponsible," "the standard of review imposed upon us by 5 U.S.C. § 706(2)(A) and the cases interpreting the statute leave to this Court practically no alternative" but to uphold the Board)